The purchaser of real estate by public act, cannot be affected by a previous alienation *sous seing prive*, which was not accepted by the person in whose favor it was made.

*WELLS' HEIRS* vs. *BALDWIN.*

APPEAL from the court of the sixth district.

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiffs claim an undivided fifth part of a certain tract of land described in their petition. Judgment was rendered against them in the court below, from which they appealed.

The evidence which was offered in support of their title, as it appears on record, is testimonial proof of the contents of an act passed before E. Meuillon, by which it appears that Miller & Fulton, under whom both parties to this suit claim title to the premises in dispute, acknowledged and agreed, that although they purchased the land in their individual names, it was bought for themselves and three other persons, one of whom is the ancestor of the appellants.

There is some contradiction in the testimony as to the manner in which the instrument from Miller and Fulton, to the ancestor of the plaintiffs, was executed: the weight of evidence, however, shews that it was not signed or accepted by any of the persons for whose benefit it was made.

There is a bill of exceptions to the ad-

missibility of oral testimony to prove the
contents of the written deed, which appears
to have been lost or destroyed. Whether
the loss was proved in such a manner as to
auth rise the introduction of testimony to
prove its contents, need not be enquired
into, because the act appears never to have
been perfected by the acceptance or signa-
ture of the pretended partners of the pur-
chasers, Miller and Fulton, in whom the
whole legal title remained until they sold,
conveyed and delivered the land to the de-
fendants, who are vendees from them with-
out notice of any former sale or transfer to
any other persons : for the pretended trans-
fer to the ancestor of the plaintiffs was no
where to be found on record. Giving to the
evidence of title, on the part of the appel-
lants, the utmost force that a complete *sous*
*seing prive* deed could have, (and the act
under which they claim is clearly entitled
to no higher dignity, as it does not appear
even to have been placed on the records of
a notary or any other officer) it could not
avail them against the appellees, who, al-
though they should be considered as second

purchasers, are the first to whom tradition was made. It is, perhaps, true, that being represented as a copy of a deed passed before a commandant of the Spanish government, a violent presumption is raised that it was made in authentic form and that the original remained on record in the archives of that officer; but it is clear, from the whole evidence and all the circumstances of this case, that the original could not be found, or any record of it, at the time when the defendants purchased from Miller and Fulton. In relation to these purchasers, it ought to have no further effect than an act under private signature. On a full view of the entire case we are of opinion that the appellants have shewn no title to the land in dispute, against the appellees.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Scott* for the plaintiffs, *Baldwin* for the defendants.